CITED *in Reford* v. *Cramer*, 1 *Vr.* 254; *Bond* v. *Cox, Id.* 381.

## DEN EX DEM. SMITH SLOAN v. LEVI APGAR.

1. The sale of the real estate of an insolvent debtor by his assignee, must be at public auction, and must be advertised as required in case of sales by sheriffs and other officers. Such sales are within both the letter and spirit of the act of April 15, 1846. *R. S.* 669.

This was an action brought in this court, and tried before the Chief Justice at the Hudson Circuit. At the trial the plaintiff showed primary title in one William R. Taylor, in 1837–8 ; that Taylor, in November, 1838, was discharged from imprisonment for debt by the court of common pleas

for the county of Hunterdon, and then made an assignment of all his estate to one William H. Sloan, who was appointed assignee by the court. That Sloan having died, the court of common pleas of Hunterdon county in 1852 appointed James Thomson assignee in his place, and that James Thomson, as such assignee, at private sale, without auction or any advertising, conveyed the lands in question, which were situate at Jersey City, to the lessor of the plaintiff.

When the plaintiff rested his cause, the defendant moved for a non-suit on two grounds:

First. Because a private sale by the assignee of an insolvent, was void. That such sale must be by public auction, and upon advertising as directed by statute.

Secondly. Because the court of common pleas had no power in these proceedings to appoint a new assignee. The act of 1795, under which the discharge was had, and the act of 1820, authorizing the appointment of an assignee in the place of the one appointed under *that* act, were both repealed in 1846. (*R. S.* 677, *pl.* 28, and 684, *pl.* 174.) And the seventh section of the insolvent act of 1846, now in force, (*R. S.* 327) only authorizes the appointment of one in place of an assignee appointed under the sixth section of that act.

The Chief Justice, upon these grounds, granted the non-suit.

Upon the coming in of the *postea*, a rule was obtained to show cause why the non-suit should not be set aside.

The question was argued before the CHIEF JUSTICE and Justices ELMER and HAINES, by Mr. *W. Pennington* for the plaintiff, and by Mr. *Dayton* and Mr. *Zabriskie* for the defendant.

Mr. *Pennington*, for the rule.

The non-suit was not right on either ground.

I. The power of appointing a new assignee in case of death, is provided for by the present act of April 16, 1846. (*Rev. Stat.* 327, § 7.) It is contended that this only author-

izes an appointment in the place of an assignee under the sixth section of that act. But the act of 1820 authorized a similar substitution for an assignee, under act of 1795. *El. Dig.* 256, *pl.* 25, *Sect.* 1.

And although the act of 1820 was repealed in 1846, yet the second section of the repealing act (*R. S.* 709) shows the operation of it in this case.

II. The original act of 1795, or its supplements, require no advertising by the assignee. The act of 1846 (*R. S.* 669) requires it of certain officers, but the insolvent's assignee is not included; but that act applies only to such officers as are mere agents. The assignee in this case has the title. It is vested in him, and he can transfer a vested title without following the directions of the act.

Under the act for the sale of infants' estate, (*R. S.* 330, *Sec.* 11,) the chancellor authorizes sale without auction or advertising. *Rules of Ch. Pr. p.* 61.

Mr. *Zabriskie* and Mr. *Dayton* for defendants.

The non-suit was rightly ordered on both grounds.

I. The court had no power to appoint a new assignee in the place of the one who had died. The act of 1795 gave no such power. It was given by the act of 1820, which gave power to appoint an assignee in place of the assignee appointed by the seventh section of act of 1795. Both these acts were repealed in 1846; and the present act only gives power to appoint one in place of an assignee originally appointed under the sixth section of that act, who has died. This will not give the power. 10 *Wend.* 446; *Jackson* v. *Irwin.*

The saving clause of the repealing act (*R. S.* 709, § 2,) does not aid this case. It applies not to proceedings under act of 1820, but under act of 1795. All proceedings were had under that act; nothing had been done under the act of 1820; no right had accrued under it—the assignee did not die until after its repeal.

It is not included either in the letter or the spirit of the saving clause.

There was no " act done," or " right accrued." The " acts, rights, and proceedings," had or done under any repealed act were confirmed ; but it does not direct that the future remedy for any right accrued shall be prosecuted as before.   No proceeding or prosecution had been commenced under the act of 1820.

This saving section of the general repealing act is substantially the same as that in the New York Revised Statutes ; (3 *N. Y. Rev. Stat.* 172, § 5,) and of course, the constructions which had been given to it in that state before 1846, may be considered as adopted with it.   4 *Wend.* 210, *People* v. *Herkimer ;* 6 *Wend.* 526, *People* v. *Livingston ;* 1 *Hill* 324, *Buller* v. *Palmer.*   See also 7 *Barr.* 173, *Fenelon's Petition ; Yeaton* v. *U. S.*, 5 *Cranch* 281.

II. As to the direction to sell at public sale, the act is imperative ; no construction or elucidation can make it clearer. The assignee is an officer or trustee appointed by the court for the benefit of the creditors.   He is both within the words and intent of the act.   15 *Wend.* 449 ; 3 *N. Hamp. R.* 310 ; 20 *Wend.* 211.

HAINES, J.   The lessor of the plaintiff claims title to the premises in question, by virtue of a sale and conveyance to him by Joseph Thompson, assignee of William R. Taylor, an insolvent debtor ; and having proved that William R. Taylor formerly occupied the land, and read in evidence the deed of conveyance from the assignee, and the record of the proceedings of the court of common pleas of Hunterdon county, in pursuance of which it purported to have been made, rested his cause.

The defendant, by his counsel, thereupon moved the court to non-suit the plaintiff on two grounds :

First.   Because the assignee had sold the property in question at a private sale, and without advertising the same.

And secondly.   Because by the record of the proceedings of the court of common pleas of Hunterdon, it appeared that William H. Sloan, who at the time of the discharge of William R. Taylor, was appointed assignee, having died and left the estate unsettled.

The court, on the application on behalf of the creditors in September, 1852, appointed Joseph Thomson assignee in his place, and the defendant insisted that the court had no authority to make such substitution.

The justice, before whom the cause was tried, non-suited the plaintiff, and the motion now is to set aside the non-suit.

It does not appear by the case upon which of the grounds the non-suit was ordered, but if either was well taken it cannot be set aside.

The first point is manifestly fatal to the plaintiff's recovery. He claims under a deed of conveyance of the assignee, made in pursuance of a private sale, without advertisement or any notice to the public.

This is in direct violation of the act of 15th of April, 1846, regulating sales of real estate made under a public statute or the direction of a court. The act provides that in all cases whatsoever, where any sheriff, coroner, master in chancery, executor, administrator, guardian, commissioner, or other officer or person, now or hereafter shall be authorized or required by any public statute, or the direction of any court of competent jurisdiction in this state to make sale of any lands, &c., unless otherwise specially directed by law, such officer or person shall give notice by public advertisement.

The assignee, by the act of 1795, has full power and authority to dispose of real estates assigned to him, and to execute good and sufficient deeds for the same.

The whole power of sale is conferred by the statute, and without it he could make no sale. The assignee was then a person authorized by a public statute to make sale of lands, and is clearly within the words and spirit of the act.

If the sale can be supposed to have been made under the new act of 17th of March, 1846, (*Rev. Stat.* 675,) the result is the same, for the twelfth section expressly provides for a public sale.

This is also in accordance with public policy, which requires that every such sale shall be public, that both the debtor and his creditors may have all the advantages that may arise from the competition of purchasers, and that every suspicion of collusion may be removed from the trustee.

Rake et ux. v. Lawshee.

In cases of sales of lands of minors, the chancellor may direct a public or private sale, in his discretion, but it is in virtue of express power given to him by the statute. (*Rev. S.* 651, *sec.* 3.) And such sale must be approved by him, and is subject to his control.

Upon the second point the court have not been able fully to agree, and as it is not essential to the determination of the case, no opinion is expressed upon it.

The first ground was well taken, and the non-suit properly ordered. Let judgment be entered upon it.

ELMER, J., concurred.